# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUE FRATELLI, INC., individually, and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>                  Defendant. | Case No. 1:13-cv-09336<br><br>Related Case Nos.<br>1:13-cv-09232<br>1:13-cv-09147<br>1:13-cv-09165<br>1:13-cv-09070<br>1:13-cv-09279<br>1:13-cv-09188<br><br>Judge Robert W. Gettleman<br><br>Hearing Date: February 11, 2014<br>Hearing Time: 10:00 a.m. |

**DEFENDANT TARGET CORPORATION'S RESPONSE TO PLAINTIFF
DUE FRATELLI'S SUPPLEMENT TO ITS MOTION FOR PRESERVATION ORDER**

# TABLE OF CONTENTS

                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ADDITIONAL BACKGROUND ....................................................................................... 3

ARGUMENT ....................................................................................................................... 5

I.      PLAINTIFF MAKES NO PRETENSE OF MEETING THE STANDARD FOR ENTRY OF A PRESERVATION ORDER. .................................................. 5

II.     THE AUTHORITIES ON WHICH PLAINTIFF RELIES DO NOT SUPPORT ENTRY OF A PRESERVATION ORDER IN THESE CIRCUMSTANCES. ........................................................................................... 8

III.    PLAINTIFF HAS FAILED TO SHOW IRREPARABLE HARM. ................................ 10

IV.   PLAINTIFF HAS FAILED TO SHOW THAT THE BENEFITS OF A PRESERVATION ORDER OUTWEIGH ITS BURDENS. ............................................ 11

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chandler v. Buncich*,
   No. 2:12 cv 175, 2012 WL 4343314 (N.D. Ind. Sept. 24, 2012) .......................................... 6, 8

*In re African-American Slave Descendants' Litig.*,
   No. 1491, 02 C 7764, 2003 WL 24085346 (N.D. Ill. July 15, 2003) ....................... 1, 5, 10, 11

*In re Bridgestone/Firestone, Inc.*,
   MDL No. 1373 (S.D. Ind. Mar. 15, 2011) ................................................................................. 9

*In re Kmart Corp.*,
   3781 B.R. 823 (Bankr. N.D. Ill. July 31, 2007) ......................................................................... 8

*In re Pradaxa Prods. Liab. Litig.*,
   3:12-md-02385-DRH-SCW, Dkt. No. 320 (S.D. Ill. Dec. 9, 2013) .......................................... 8

*In re Propulsid Prods. Liab. Litig.*,
   MDL No. 1355 (E.D. La. Apr. 19, 2011) .................................................................................. 9

**RULES**

Fed. R. Civ. P.
   Rule 16 .................................................................................................................................... 10
   Rule 16(b) ............................................................................................................................... 10
   Rule 26 ................................................................................................................................ 9, 10
   Rule 26(f) ................................................................................................................................ 10
   Rule 37 .................................................................................................................................... 11

Fed. R. Civ. P. 26 advisory committee's note (2006 amendment) ................................................ 10

**OTHER AUTHORITIES**

7th Cir. E-Discovery Principles
   Principle 2.01 ............................................................................................................................ 9
   Principle 2.05 ....................................................................................................................... 9-10

*Manual for Complex Litigation (Fourth)* § 10.11 (2013) .............................................................. 10

The Sedona Conference, *The Sedona Conference® Cooperation Proclamation*,
   Sedona Conf. J. 331 (2009) ..................................................................................................... 10

Pursuant to the Court's January 24, 2014, order (Dkt. No. 24), defendant Target Corporation ("Target") respectfully submits this response to "Plaintiff's Supplement to Plaintiff's Previously Filed Emergency Motion for Protective Order with a Revised Proposed Order" (Dkt. No. 17) ("Supplemental Preservation Motion" or "Supp. Mot.").

**INTRODUCTION**

As soon as this case was filed in state court—and even before it was served on Target—plaintiff filed a factually unsupported and otherwise barebones emergency motion for a preservation order. The state court nevertheless entered such an order, albeit a severely time-limited one, on December 27, 2013. (*See* Dkt. No. 11-1, Ex. 2.) It did so based expressly on the "representation of plaintiff's counsel [that] common law duty and auto delete stay are insufficient." (*See* Dkt. No. 11-1, Ex. 2.) Target removed this action to federal court just days later, after which plaintiff republished essentially the same unsupported emergency motion for a preservation order.

In its opposition, Target took care to point out that, under federal jurisprudence, the standards are much different. (*See* Dkt. No. 13.) Today, the default rules in federal court impose on all parties the immediate obligation to undertake reasonable measures to preserve likely relevant information. A robust body of law has developed around these rules, including the range of remedies available for noncompliance. Against that legal backdrop, preservation orders are the exception and require a showing that the requesting party is entitled to injunctive relief. *In re African-American Slave Descendants' Litig.*, No. 1491, 02 C 7764, 2003 WL 24085346 (N.D. Ill. July 15, 2003). More specifically, plaintiff was obligated to demonstrate that (a) relevant information would be lost without a preservation order, (b) the loss of that

1

information could not be remedied through sanctions or otherwise, and (c) the burden of complying with a preservation order did not outweigh its benefits.

Nowhere in plaintiff's Supplemental Preservation Motion, or in any prior or subsequent meet and confer, has plaintiff ever attempted to satisfy even the first requirement to obtain a preservation order.  More specifically, plaintiff has never identified *any* facts indicating that relevant information will be lost in the absence of a preservation order.  The latest "Supplement" to this motion offers no evidence at all.  It is instead riddled with conjecture (*e.g.*, who caused the incident, the scope of what law enforcement agencies or other actors are looking into), and tries to make the unsupported preservation order more palatable by excising a few of the more obviously defective provisions.  Indeed, the parties' discussions have proven fruitless on this subject because plaintiff fails to acknowledge, much less address, the governing law in this area.  Plaintiff has made it clear that it is only willing to discuss the form of preservation order to be entered, not whether a preservation order is appropriate in the first instance.  (*See* Declaration of Michael J. Agoglia in Support of Defendant Target Corporation's Response to Due Fratelli's Supplement to Its Motion for Preservation Order ("Agoglia Decl.") ¶ 5, Exs. A and B.)

Plaintiff has failed to show that a preservation order is remotely proper under the governing standards.  And departing from those standards would be especially unwarranted here, where:

- Target has publicly acknowledged its obligations to preserve relevant information and immediately embarked on reasonable preservation efforts.
- The proposed order threatens very real interference with ongoing efforts by Target and law enforcement agencies to respond to the data breach.  For instance, the initial order would have required Target and law enforcement to keep the malware

in place and untouched, which would have allowed customer information to continue to be stolen. Even though plaintiff removed that provision from the Supplemental Preservation Motion, plaintiff still insists that the proposed order would bind the "governmental officials or vendors" who are currently working on the investigations. (Supp. Mot. at 10, ¶ C.)

- Lastly, this is only one of now 71 similar cases pending against Target around the country. New cases are being filed all the time.[1] Notwithstanding plaintiff's unsubstantiated representations that every other plaintiff agrees with the preservation order before this Court, it makes no sense to expend the judicial and party resources on this sort of pretrial management prior to the widely expected nationwide consolidation of cases by the Judicial Panel on Multidistrict Litigation.

This preservation order request was filed as a matter of course in state court. It falls measurably short of the federal standard for such relief. That plaintiff nevertheless persists in seeking one has nothing to do with any demonstrated need for a preservation order and everything to do with venue and lead counsel skirmishes related to the coming Multidistrict Litigation. Plaintiff's motion should be denied.

**ADDITIONAL BACKGROUND**

Plaintiff's emergency motion in federal court was first heard by Judge Norgle (sitting as emergency judge) on January 6, 2014. Judge Norgle allowed the order previously entered by the Circuit Court of Cook County to expire that day, and he instructed the parties to meet and confer and return, if necessary, on Friday, January 10, 2014. (Dkt. No. 14.)

---

[1] An updated list of these actions is attached as Exhibit A to Target's concurrently filed Reply in Support of Motion to Stay in the *Ponce* action.

Through counsel, the parties in the *Due Fratelli* and *Ponce* actions met and conferred on Wednesday, January 8, 2014. (Agoglia Decl. ¶ 2.) Counsel for Target was prepared to discuss any specific concerns that plaintiffs had regarding Target's preservation of documents. (*Id.*) Plaintiffs repeatedly stated that they were under no obligation to identify evidence that Target was failing to fulfill its preservation obligations. (*Id.*) Target noted its disagreement over the governing legal standard but nevertheless provided information to allay plaintiffs' generalized concerns about what Target was doing to comply with its preservation obligations. (*Id.* ¶ 3.) The information shared with plaintiffs included the following facts:

- Within 24 hours of the first lawsuit being filed, Target issued its first legal hold on December 20, 2013;

- The legal hold process included reasonable efforts to identify and to preserve relevant information from (a) employees who Target believed were involved in identifying, responding to, and remediating the data breach and (b) employees who have information reasonably related to Target's privacy policies, data storage and use policies, information security policies, and other background issues related to the breach;

- Systems identified as having been impacted by the data breach have been imaged or made the subject of other preservation efforts, and that process would apply to systems subsequently identified as impacted by the data breach;

- Target's preservation efforts included efforts to address e-mail, default document destruction policies, and auto delete functions; and

- There were real limits to what Target could disclose about its preservation efforts, in light of law enforcement's specific request that Target not disclose certain information relating to the data breach.

(*Id*.) After the meet and confer, Due Fratelli filed its Supplemental Preservation Motion. The next morning, Friday, January 10, 2014, the parties appeared before Judge Norgle again. Judge Norgle decided:

> [I]t may well be . . . that this will be an MDL. And I would suggest, based upon my experience, that the transferee judge then would enter an appropriate, comprehensive order, consistent with the MDL rules of procedure. And so I am not dealing with the substance in any way of the proposed order that was contained in the supplement, but simply to stay this until Judge Gettleman determines on relatedness whether to take the cases.

(Agoglia Decl. Ex. C (Jan. 10, 2014 Hearing Tr. at 7:8-15); *see also* Dkt. No. 19 (Minute Order staying "[a]ll motions before this court").)

On January 14, 2014, this Court heard Target's motion to relate all of the related cases against Target pending in the Northern District of Illinois, including the present action, and various other motions. The Court ordered that the Preservation Motion be heard on February 11, 2014. (Dkt. No. 24.)

## ARGUMENT

### I. PLAINTIFF MAKES NO PRETENSE OF MEETING THE STANDARD FOR ENTRY OF A PRESERVATION ORDER.

As discussed more thoroughly in Target's Opposition, the default obligation in federal practice is that "Defendants and Plaintiffs have a duty to preserve evidence once a lawsuit has commenced. The Seventh Circuit has stated that parties have an affirmative duty to preserve evidence which may be relevant to the litigation. When a party breaches this duty, sanctions are the appropriate remedy." *In re African-American Slave Descendants' Litig.*, 2003 WL 24085346, at *2 (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 807 (7th Cir. 1995)). In

5

light of the parties' preexisting preservation requirements and available remedies, plaintiff's request for a preservation order should *only* be granted if the Court finds that plaintiff has proven each of the following:

>  (1) Target "**will destroy** necessary documents or ESI absent a preservation order,"
>
>  (2) plaintiff "**will suffer irreparable harm** absent an order," **and**
>
>  (3) "**the risk** of destruction of evidence **outweighs the burden** on [the] defendant of imposing such an order."

*Id.* at \*2 (emphasis added).

As in the Preservation Motion, the Supplemental Preservation Motion is unaccompanied by any factual support, and makes no "attempt to show that the defendant[] will destroy the [evidence] without a preservation order." *Chandler v. Buncich*, No. 2:12 cv 175, 2012 WL 4343314, at \*2 (N.D. Ind. Sept. 24, 2012). Instead, plaintiff offers nothing beyond speculation and generalized concerns. Together with Target's succinct response, they are listed below:

>  a. **"There is a large amount of data at issue in this case, and innumerable Target employees"** (Supp. Mot. at 5-6): This sort of generalized concern would support entry of preservation orders in every large case. That is not the law, as discussed in Target's opposition brief. (Dkt. No. 13 at 5-7.) Plaintiff must show a specific danger of document destruction, which it has not done here.
>
>  b. **Some of the information is "virtual"** (Supp. Mot. at 9): Again, this does not distinguish this case from almost any other federal case. Target has preserved electronically stored information ("ESI") by, among other things, taking forensic images of affected systems and undertaking to preserve e-mail, as discussed above.
>
>  c. **"[T]he individual who accessed Target's system . . . is still at large"** (Supp. Mot. at 7, 9): Putting aside plaintiff's naive conjecture about the nature of the

6

breach, plaintiff fails to explain how, if at all, this relates to information preservation. The entities charged with preventing any future breach are Target in cooperation with the appropriate law enforcement authorities. There is no evidence, and no logic, supporting the idea that the evidence preservation efforts underway (which include taking images of electronic data precisely so that it may be kept separate from an impacted system) are of interest, or vulnerable, to cyber attackers. But it is beyond fanciful to assume that such efforts would escape the existing intense law enforcement presence only to be thwarted by a preservation order.

    d.  **Some of the information plaintiff intends to seek in discovery is not "part of the law enforcement investigations"** (Supp. Mot. at 8): This is rank conjecture. Plaintiff does not cite any facts. It similarly has no basis to say that the current preservation efforts do not extend beyond the immediate question of how the information was stolen.

    e.  **"Much of the information for which plaintiff seeks a preservation order is . . . subject only to Target's own whims"** (Supp. Mot. at 8): That one party would prefer entry of a court order rather than having to trust its adversary to preserve information ignores the structure of the governing rules. It is also precisely the type of generalized suspicion that is insufficient to warrant the extraordinary injunctive remedy of a preservation order. Target detailed these arguments and authorities in its opposition brief, and plaintiff fails to respond to them in the Supplemental Preservation Motion. (*See* Opp. at 5-7; Supp. Mot. at 8-9.)

    f.  **Target does not "control government officials or [government] vendors"** (Supp. Mot. at 9-13): While this is true, it has nothing to do with the present

motion.  If plaintiff is suggesting that the Court enter an order that would govern the Secret Service, Department of Justice, FTC, and state Attorneys General, then plaintiff ought to file a motion that asks for that relief.  Such a motion would, though, seem to be inconsistent with plaintiff's professed intention to not "interfere with any law enforcement investigations."  (Supp. Mot. at 10-11.)

In summary, despite repeated opportunities over the past month and a half, plaintiff has utterly failed to satisfy its burden of "demonstrat[ing] a real danger of document destruction," as the law requires.  *Chandler*, 2012 WL 4343314, at *2.  In the Supplemental Preservation Motion, plaintiff ignores this indisputable legal standard for entry of a preservation order.  (Supp. Mot. at 4-5.)  The motion should be denied on this basis alone.

## II.  THE AUTHORITIES ON WHICH PLAINTIFF RELIES DO NOT SUPPORT ENTRY OF A PRESERVATION ORDER IN THESE CIRCUMSTANCES.

The authorities plaintiff does cite serve only to undermine plaintiff's arguments.  The MDL judge in *In re Pradaxa Products Liability Litigation*, 3:12-md-02385-DRH-SCW, Dkt. No. 320 (S.D. Ill. Dec. 9, 2013),[2] sanctioned defendants for a pattern of discovery abuses, finding "the actions and omissions of the defendants . . . to be in bad faith" (*id.* at 3-4, 43-44 ("How can these problems keep happening? . . . It is clear to the Court that the defendants have been pursuing a policy of turning over relevant material, or withholding relevant material, on their schedule and not the Court's.  In doing so, they have violated the Court's case management orders.  They have made misrepresentations to the Court in open court and in chambers.")).  In *In re Kmart Corporation*, 3781 B.R. 823 (Bankr. N.D. Ill. July 31, 2007), the bankruptcy court, after a trial, granted in part a motion for sanctions for failure to produce documents.  Neither

---

[2]  Plaintiff cites to docket number 302 (Supp. Mot. at 5), which is under seal, but appears to have intended to cite docket number 320.

decision suggests that the remedy for discovery abuses is for courts to enter preemptive preservation orders at the beginning of litigation. On the contrary, litigants are to comply with their legal obligations to preserve and produce responsive documents, and if they fail to do so, they may be subject to sanctions.

Plaintiff also cites two preservation orders entered by MDL judges, Pretrial Order No. 10, *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La. Apr. 19, 2011); and Order Regarding Preservation of Electronic Data, *In re Bridgestone/Firestone, Inc.*, MDL No. 1373 (S.D. Ind. Mar. 15, 2011). (Supp. Mot. at 5 n.2.) In both these cases, *after* the consolidation and transfer of related actions to an MDL, and *after* extensive initial case management work by the parties and the courts, the courts entered very specific orders regarding production and preservation of data, which were tailored to the circumstances of those cases. Here, plaintiff is putting the cart before the horse. This and the other 70 related actions are in their infancy, and will almost certainly be consolidated into an MDL. At that point, Target and plaintiffs will conduct the appropriate Rule 26 conferences, participate in initial case management conferences, and propose discovery management orders, all as coordinated by a single judge.

Finally, plaintiff selectively cites the Seventh Circuit's Principles Relating to the Discovery of Electronically Stored Information, as well as the dated Manual for Complex Litigation and the Sedona Principles, arguing that these authorities support early entry of preservation orders. (Supp. Mot. at 4-5.) These authorities say nothing more than that document preservation and ESI should be the topics of a Rule 26 conference. *See* 7th Cir. E-Discovery Principle 2.01 ("counsel shall meet and discuss the application of the discovery process" in connection with the "*initial status conference*") (emphasis added); *id.* Principle 2.05 ("*At the*

*Rule 26(f) conference or as soon <u>thereafter</u> as possible*, counsel shall discuss potential methodologies for identifying ESI.") (emphasis added); *id.* ("Disputes that the parties are unable to resolve shall be presented to the Court *at the initial status conference*, [Rule] 16(b) Scheduling Conference, or as soon as possible *thereafter*.") (emphasis added).[3] Here, these conferences will likely all occur *after* the cases are consolidated and the MDL court sets the Rule 16(b) conference. Even more importantly, the admonition that parties should engage in preservation discussions early in the discovery process does not mean that preservation orders should follow. On the contrary, the authoritative Advisory Committee on Rule 26 itself pointedly stated, "The requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders." Fed. R. Civ. P. 26 advisory committee's note (2006 amendment).

## III. PLAINTIFF HAS FAILED TO SHOW IRREPARABLE HARM.

Plaintiff's Preservation Motion should be denied for the second and independent reason that plaintiff fails to demonstrate that it "will suffer irreparable harm absent an order," as is required. Plaintiff identifies no reason to believe that Target is destroying evidence. Nor could it, in light of the information already shared with plaintiffs and the Court about Target's preservation efforts. Moreover, plaintiff makes no attempt to demonstrate that the remedies available under the Federal Rules of Civil Procedure are inadequate to address situations where information is not preserved. (*See* Opp. at 7 (citing *In re African-American Slave Descendants' Litig.*, 2003 WL 24085346, at *3 (finding no irreparable harm because the plaintiff could seek

---

[3] Similarly, the Manual for Complex Litigation emphasizes that a timely Rule 16 "pretrial conference" ought to take place and mentions only generally that in some cases, "it may be necessary to take immediate action to preserve evidence." *Manual for Complex Litigation (Fourth)* § 10.11 (2013). And, the Sedona Conference Principles section plaintiff cites says nothing about preservation orders. The Sedona Conference, *The Sedona Conference® Cooperation Proclamation*, Sedona Conf. J. 331, 331 (2009).

10

sanctions for discovery violations under Rule 37)).) In the Supplemental Preservation Motion, plaintiff effectively concedes this argument by failing to respond to it.

## IV. PLAINTIFF HAS FAILED TO SHOW THAT THE BENEFITS OF A PRESERVATION ORDER OUTWEIGH ITS BURDENS.

Third and finally, plaintiff's proposed preservation order would place an immense burden on Target. (Opp. at 7-8 (citing *In re African-American Slave Descendants' Litig.*, 2003 WL 24085346, at *4 (denying motion for protective order where plaintiff failed to demonstrate the relief requested in the preservation motion outweighed burden)).) Plaintiff responds by repeating throughout the Supplemental Preservation Motion that "Target has already confirmed that it understands its duty to preserve, [and so] no burden is imposed by entry of a preservation order" (*e.g.*, Supp. Mot. at 9). That argument turns the legal standard on its head. It is *plaintiff* that bears the burden of showing why the facts of this particular case require the Court's entry of an order. *See, e.g.*, *In re African-American Slave Descendants' Litig.*, 2003 WL 24085346, at *4. Plaintiff has failed to meet that burden, as discussed above. In any event, plaintiff is simply wrong. Among other things, as explained in the Opposition, the Preservation Motion presents a serious risk that Target will be subjected to competing and inconsistent orders regarding its discovery obligations in the different pending class actions, all of which the JPML will almost certainly consolidate to avoid just such piecemeal administration.

## CONCLUSION

Target understands its duty to take reasonable steps to preserve relevant evidence. It has already gone well beyond what the federal rules and law of this Circuit require in disclosing the details of its ongoing preservation efforts at this early stage of the litigation. Plaintiff has not come close to demonstrating that it is entitled to the entry of a preservation order, and this motion should be denied.

Dated: January 29, 2014

Respectfully submitted,

TARGET CORPORATION

By: /s/ Michael J. Agoglia
     Michael J. Agoglia

Floyd A. Mandell (#1747681)
Martin T. Tully (#6205359)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com
martin.tully@kattenlaw.com

*Of counsel*
David F. McDowell
(*pro hac vice* application forthcoming)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454
dmcdowell@mofo.com

Harold J. McElhinny
(*pro hac vice* application forthcoming)
Jack W. Londen
(*pro hac vice* application forthcoming)
Michael J. Agoglia (#90785251)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
hmcelhinny@mofo.com
jlonden@mofo.com
magoglia@mofo.com

*Attorneys for Defendant Target Corporation*